MARTENS, as Trustee, Plaintiff: VOGT, Defendant and Respondent, vs. PIONEER INVESTMENT COMPANY Impleaded Defendant and Appellant.

*March 7—April 2, 1929.*

For the appellant there was a brief by *Olbrich & Siebecker*, attorneys, and *Alton S. Heassler*, of counsel, all of Madison, and oral argument by *Mr. Heassler*.

For the respondent Vera Vogt there was a brief by *Bagley, Spohn & Ross*, and oral argument by *Myron H. Stevens* and *William H. Spohn*, all of Madison.

CROWNHART, J.   Sec. 263.15 of the Statutes provides: "A defendant . . . may have affirmative relief against a codefendant . . . ; but in all such cases such relief must involve or in some manner affect the contract, transaction or property which is the subject matter of the action. . . ."

The first question, then, is: Do the allegations in the cross-complaint of the defendant Vera Vogt involve or in some manner affect the contract, transaction, or property which is the subject matter of the action? The cross-complaint attempts to show title to the property in the defendant Vera Vogt, but the record title is in the defendant Pioneer Investment Company. Assuming that the mortgages were foreclosed and the property sold for more than enough to satisfy the mortgage debt, the amount in excess of the mortgage debt would go to the owner of the property, and it would be necessary for the mortgagee to determine the owner entitled thereto. Also, the owner of the property has the equity of redemption and has the right to redeem

the property before sale by paying the mortgage indebtedness, and in that case it is necessary to determine who is the owner. Under these circumstances we think the defendant Vera Vogt has shown by the allegations in her cross-complaint that if the cross-complaint is otherwise sufficient, she is entitled to relief which involves or in some manner affects the contract, transaction, or property which is the subject matter of the action.

Does the cross-complaint state facts sufficient to constitute a cause of action? The defendant Vera Vogt alleges that after giving the mortgages in suit she quitclaimed the title to the property to her father, J. W. Salter, and that such deed was duly delivered and recorded. Such quitclaim deed conveyed all her interest in the property to her father. She further alleges that thereafter her father, J. W. Salter, made and executed a quitclaim deed of said premises to her, in which she was the grantee, and that said deed was delivered. But the cross-complaint then proceeds to negative the delivery of said deed to the defendant Vera Vogt by alleging "that the said J. W. Salter parted with the possession of the said deed with the intention of vesting title in this answering defendant, but that the said deed was intercepted before it was delivered" to her. There is no allegation that J. W. Salter, when he parted with possession, put the deed beyond his control or domination; no allegation that he did not recall possession of the deed; no allegation that he did not receive it back, and no allegation that he did not himself erase the name of the defendant Vera Vogt in said deed and substitute the name of the defendant Farmers and Merchants Bank, of Sun Prairie. There is no allegation that there was any consideration for the deed moving from the defendant Vera Vogt to her father.

We think it is clear that, taking the allegations as a whole, the cross-complaint does not show that there was any delivery of the deed by J. W. Salter to the defendant Vera

Vogt. She never physically became possessed of the deed, and there is no allegation that she knew that the deed was executed prior to its revocation or prior to its being intercepted. The allegations in the cross-complaint are insufficient to state a cause of action for reformation of the deed from J. W. Salter, or to quiet title in the defendant Vera Vogt. We therefore conclude that the demurrer should have been sustained.

*By the Court.*—The order of the circuit court is reversed.

STEVENS, J., took no part.